UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LUIS A. RIVERA GUTIERREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:15-CR-94-01 |
| | ) | 2:17-CV-79 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Pending before the Court is the motion of Luis A. Rivera Gutierrez ("Petitioner"), a federal inmate, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, [Doc. 86].[1] The United States has responded in opposition, [Doc. 88], and Petitioner has replied, [Doc. 91]. Because the records and files of the case conclusively establish that Petitioner is not entitled to relief under §2255, no evidentiary hearing is necessary. For the reasons which follow, the Court finds Petitioner's §2255 motion meritless and it will likewise be DENIED and DISMISSED with prejudice.

**I. Procedural and Factual Background**

Petitioner and Fernando Simon Eudave-Castaneda were indicted by a federal grand jury on August 11, 2015, and charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), [Doc. 6]. On January 11, 2016, Petitioner entered into a negotiated plea agreement, agreeing to plead guilty to Count 1 of the indictment, [Doc. 42], and the guilty plea was entered on January 25, 2016, [Doc. 46]. A presentence investigation report ("PSR")

---

[1] All documents are referred to by their number in Case No. 2:15-CR-94.

1

was ordered and sentencing was set for June 13, 2016, [*Id*.]. The PSR was filed on April 27, 2016, [Doc. 51]. The PSR set out the relevant facts, as stipulated to in Paragraph 3 of the plea agreement, *see* [*Id*. ¶¶ 7-16].

The base offense level under the United States Sentencing Commission Guidelines Manual ("USSG") was 38, based on Petitioner's agreement to be held accountable for 17 pounds, or 7.71 kilograms, of methamphetamine (actual). USSG § 2D1.1. A three-level enhancement was added for Petitioner's role in the offense pursuant to USSG § 3B1.1(b)[2] and two levels were added for obstruction of justice pursuant to USSG § 3C1.2.[3] After a reduction of three levels for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) & (b), the total offense level was 40. [Doc. 51 ¶¶ 24-33]. When combined with Petitioner's Criminal History Category I, the resulting advisory guidelines range was 292 to 365 months of imprisonment. [*Id.* ¶ 57]. Neither party objected to the PSR and it was adopted by the Court. Petitioner's statutory range for imprisonment was a minimum mandatory 10 years to a maximum of life. 21 U.S.C. § 841(b)(1)(A).

After a continuation of the sentencing hearing on the motion of the United States, [Docs. 67, 68], Petitioner was sentenced on August 17, 2016, to a below guidelines sentence of 240 months. [Doc. 75]. Judgment was entered on August 29, 2016, [Doc. 77]. No direct appeal was filed. This § 2255 motion was timely filed on May 22, 2017, [Doc. 86].

II.     **Standard of Review**

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional

---

[2] Petitioner directed the co-defendant to transport methamphetamine from California to Tennessee.
[3] Petitioner recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. §2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the §2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, a petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a

significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. Analysis and Discussion

Petitioner raises a single claim in his motion. He argues that the indictment was "defective" and that he was not previously convicted of a prior controlled substance offense such that the enhancement of 21 U.S.C. §841(b)(1)(A) was "trigger[ed]," [Doc. 86 at 4], and counsel was ineffective for advising him to enter the plea without raising the defect. He seems to think he received the 240-month sentence because the Court mistakenly believed, and counsel did not challenge, that Petitioner had a prior controlled substance felony, requiring a twenty-year mandatory minimum sentence. He is totally mistaken, however.

As noted above, Petitioner was charged and convicted of a conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. 21 U.S.C. § 841(b)(1)(A) provides that a defendant convicted of that offense "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . ." It further provides that "[i]f any person commits such a violation after a prior conviction for a prior felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may be not less than 20 years nor more than life imprisonment. . . . " *Id.* Petitioner mistakenly believes the 240-month sentence he received was the mandatory minimum required for those defendants with a prior felony drug conviction. The record, on the other hand, quite clearly establishes that the mandatory minimum sentence applicable to him, based on a quantity of 50 grams or more of methamphetamine, was 10 years and the 240-month sentence he received was simply a downward variance from the applicable advisory guidelines range of 292 to 365 months of imprisonment. The United States argued for a sentence of 292 months, [Doc. 70], while Petitioner's counsel argued "for a downward

variance from his advisory guideline range," [Doc. 72]. Specifically, counsel for Petitioner argued that "[a] sentence of 20 years, or even 15 years," would be sufficient, [*Id*. at 9]. The Court agreed with the defendant and varied downward. Counsel was not ineffective and the claim raised by Petitioner is without merit.

**IV. Conclusion**

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and his motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of Petitioner's claims under the *Slack* standard, the Court finds

5

that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

                                                 s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE